IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA *ex rel.* JOSEPH KRZESNI,,<br><br>Plaintiffs,<br><br>v.<br><br>STARS BEHAVIORAL HEALTH GROUP, et al.,<br><br>Defendants. | NO. C 03-5741 TEH<br><br>ORDER VACATING HEARING DATE AND DENYING MOTION FOR DISMISSAL OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES |

This Court has reviewed Defendants' Motion for Dismissal of Plaintiff's Motion for Attorney's Fees and Expenses and the materials submitted in support of the motion. The Court finds that oral argument is unnecessary and hereby VACATES the May 19, 2008 hearing on the matter. For the reasons set out below, Defendants' Motion is DENIED, and Plaintiff's Motion for Attorney's Fees and Expenses shall remain on calendar for June 16, 2008.

**FACTUAL BACKGROUND**

The parties negotiated a settlement in this case in 2007. As part of the settlement agreement, they extended the time for Plaintiff to move for attorney's fees to February 4, 2008. In early February, the parties stipulated to (and the Court granted) an extension of time to file the fee motion to March 4, 2008. In early March, the parties stipulated to

1  another extension of time to April 4, 2008; however, the Court gave Plaintiff only until April
2  1, 2008 to file the motion.

3  On Monday, March 31, 2008, Plaintiff requested another extension of time.  Defendant
4  refused.

5  On April 1, 2008, Plaintiff's counsel filed the notice of motion (without setting a
6  hearing date), two one-page declarations by a *qui tam* attorneys in support of Plaintiff's
7  counsel's hourly rate, and, at 11:58 p.m. on April 1, a 15-page memorandum in support of
8  the Motion.  At 12:58 a.m. on Wednesday, April 2, 2008, Plaintiff filed his Declaration in
9  support of the motion and supporting exhibits.  Defendants were not served by ECF;
10 Plaintiff served them by mail on April 2, 2008, and Defendants received the motion papers
11 on April 5, 2008.

12 The case was reassigned to this Judge on April 9, 2008.  Defendants moved to dismiss
13 the pending motion for fees.  On April 15, 2008, Plaintiff renoticed the fee motion for June
14 16, 2008.

15

16 **DISCUSSION**

17 While Plaintiff's counsel has delayed filing a motion for fees and engaging in settlement
18 discussions for a number of months, none of the deficiencies of which Defendants complain
19 is serious enough to warrant denying Plaintiff fees and expenses altogether.

20 First, Defendants argue Plaintiff engaged in a pattern of delay by failing to respond to
21 requests for billing records from August 2007 to January 2008, and then by taking over two
22 months to respond to Defendants' counteroffer.  Although Defendants argue "[e]nough is
23 enough.  This Court is well within its discretion to dismiss the unprosecuted motion," they
24 offer no authority for dismissing the motion on the ground of extensions of time to which
25 Defendants previously agreed.

26 Second, Defendants argue that Plaintiff did not meet the April 1, 2008 deadline set by
27 Judge Jenkins.  The Court disagrees.  Plaintiff timely filed the memorandum of points and
28 authorities within the deadline – at 11:58 p.m. on April 1, 2008.  *See* Gen. Order 45,

1  § VI(d)(documents must be e-filed before midnight). The Declaration and supporting
2  exhibits were filed an hour late. While the Court cannot condone such tardiness, it would be
3  unreasonable overkill to dismiss the fee motion for this slight delay. Moreover, Defendants
4  have shown no prejudice to their interests; they will have over a month to respond to the fee
5  motion, set for June 19, 2008.

6  Third, Defendants argue that Plaintiff did not meet and confer in good faith because
7  Plaintiff did not respond to Defendants' letter until just days before the motion was due.
8  Local Rule 54-6(b)(1) requires only a statement that counsel have met and conferred in good
9  faith. Local Rule 1-5(n) requires that the parties meet and confer either face to face or in a
10 telephone conversation. Ms. Inman's declaration in support of the motion states that "[s]ince
11 October 2007, I have sought to negotiate with counsel for Defendants a settlement of the fee,
12 cost and expense award through multiple emails, phone calls and letters but those efforts
13 have been unsuccessful thus far." Inman Decl. ¶ 14. While her declaration does not specify
14 that she had the "live" negotiation required by Local Rule 1-5(n), the Court will not dismiss
15 the fee request in its entirety for this failure. Plaintiff's counsel is hereby ORDERED to
16 initiate the live conference required within five days of the date of this Order, and the parties
17 are to meet and confer by telephone or in person within ten days of the date of this Order.
18 Counsel will be well advised to follow this Order fully and in a timely manner.

19 Fourth, Defendants argue that under Local Rule 5-6, the Court has discretion to
20 disregard the Motion because it was not filed with a certificate of service as required by
21 FRCP Rule 5(d), and the motion was not served on Defendants until April 5, 2008. The
22 Court will not disregard the Motion because there is simply no prejudice here: Defendants
23 have now been served with the motion, and they have over a month to oppose it.
24 //
25

**CONCLUSION**

27 The May 19, 2008 hearing on Defendants' Motion is hereby VACATED and the
28 Motion to Dismiss Plaintiff's Motion for Fees and Expenses is DENIED.

3

Case 3:03-cv-05741-TEH    Document 32    Filed 04/28/08    Page 4 of 4

**IT IS SO ORDERED.**

Dated: April 28, 2008

———————————————
THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT